Citation Nr: 1443665 
Decision Date: 09/30/14 Archive Date: 10/06/14

DOCKET NO. 10-18 619 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Philadelphia, Pennsylvania


THE ISSUE

Entitlement to service connection for hypertension, to include as secondary to diabetes mellitus II, posttraumatic stress disorder (PTSD), and coronary artery disease.

REPRESENTATION

Appellant represented by: Vietnam Veterans of America


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

A.P. Armstrong, Associate Counsel


INTRODUCTION

The Veteran served on active duty from October 1964 to July 1968.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an October 2008 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Philadelphia, Pennsylvania. The Board remanded this case in October 2013 for additional development. 


FINDINGS OF FACT

1. The evidence shows no in-service onset or incurrence of hypertension.

2. The evidence does not show that hypertension is related to service-connected diabetes mellitus II, coronary artery disease, or PTSD.


CONCLUSION OF LAW

The criteria for service connection for hypertension have not been met. 38 U.S.C.A. §§ 1110, 5107(b) (West 2002); 38 C.F.R. §§ 3.303, 3.310 (2013).


REASONS AND BASES FOR FINDINGS AND CONCLUSION
 
The Veterans Claims Assistance Act of 2000 (VCAA) and implementing regulations require VA to provide claimants with notice and assistance in substantiating a claim. See 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107 (West 2002 & Supp. 2013); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2013).

In April 2008, prior to adjudication of his claim, the RO sent the Veteran a letter, providing notice that satisfied the requirements of the VCAA. See Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006). No additional notice is required. 

Next, VA has a duty to assist the Veteran in the development of claims. This duty includes assisting him in the procurement of pertinent treatment records and providing an examination when necessary. 38 C.F.R. § 3.159.

All pertinent, identified medical records have been obtained and considered. VA provided medical examinations for the Veteran's hypertension claim in October 2008 and December 2013. There is no assertion or indication that the 2008 examination and 2013 opinions are inadequate. To the contrary, they provide thorough current findings and detailed rationale for opinions rendered. 

Following the Board's remand directives, the Agency of Original Jurisdiction (AOJ) obtained additional private treatment records and an addendum medical opinion. In so doing, the AOJ substantially complied with the remand directives, and a further remand is not required. See D'Aries v. Peake, 22 Vet. App. 97, 106 (2008); Stegall v. West, 11 Vet. App. 268 (1998). The Board has carefully reviewed the record and determines there is no additional development needed. 

As VA has satisfied its duties to notify and assist the Veteran, no further notice or assistance is required. See 38 U.S.C.A. §§ 5103, 5103A; 38 C.F.R. §3.159.

Service connection will be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303(a). To establish entitlement to service-connected compensation benefits, a Veteran must show "(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service-the so-called 'nexus' requirement." Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2010). 

Alternatively, service connection may be granted on a secondary basis for a disability that is proximately due to or the result of (caused) or permanently worsened beyond its natural progression (aggravated) by a service-connected disease or injury. Allen v. Brown, 7 Vet. App. 439, 448-49 (1995) (en banc); 38 C.F.R. § 3.310.

The Board must consider all the evidence of record and make appropriate determinations of competence, credibility, and weight. See Washington v. Nicholson, 19 Vet. App. 362, 368 (2005). When there is an approximate balance of positive and negative evidence regarding any material issue, all reasonable doubt will be resolved in favor of the claimant. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102.

The Veteran is competent to report symptoms and experiences observable by his senses; however, he is not competent to determine the cause of hypertension, as this requires specialized medical training to understand the complexities of the cardiovascular system. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007); 38 C.F.R. § 3.159(a). The Board finds the Veteran credible.

The criteria for service connection for hypertension have not been met. See 38 C.F.R. § 3.303.

The Veteran has hypertension currently. The VA examiner in October 2008 confirmed a diagnosis of hypertension made four years prior. The record includes treatment for hypertension with medication prescribed to control the symptoms.

The evidence shows no in-service incurrence or onset of hypertension. Service treatment records are silent for any diagnosis of hypertension. Service medical records do not show chronic elevated blood pressure; blood pressure was measured as 110/64 in August 1964, 120/80 in January 1967, and 112/70 in July 1968. The Veteran also did not report diagnosis or onset of hypertension in service. Instead, he noted the onset of hypertension as October 2006 in his claim.

Furthermore, the evidence does not show that hypertension is related to the service-connected disabilities. In the December 2013 opinion, the VA medical examiner concluded that the Veteran's hypertension is less likely than not caused by or aggravated by his service-connected diabetes mellitus, PTSD, or coronary artery disease. The examiner explained that hypertension was diagnosed one year prior to the onset of diabetes, so it could not be diabetic in origin. Additionally, the examiner noted that the Veteran had normal renal function. In the absence of kidney disease, hypertension was also not aggravated by diabetes mellitus II. Moreover, the examiner explained that there is no evidence based medical literature that states hypertension is caused by or aggravated by PTSD or coronary artery disease. 

In an April 2008 statement, Dr. Camacho found that hypertension was a complication directly due to diabetes mellitus II. In an April 2009 letter, Dr. Camacho also noted that anxiety and severe claustrophobia adversely affect his medical conditions (the Veteran is service-connected for posttraumatic stress disorder). This statement does not provide enough specificity to match the probative weight of the other opinions of record. Indeed, both opinions are inadequate for decision purposes because they provide only a conclusion, no rationale to support the opinions. See Stefl v. Nicholson, 21 Vet. App. 120 (2007). 

As the statements from Dr. Camacho are inadequate without rationale and the Veteran is not competent to determine the cause of his hypertension, the decision relies on the negative opinion from December 2013. See Jandreau, 492 F.3d at 1377; Stefl, 21 Vet. App. at 120. The preponderance of the evidence is against finding that hypertension was incurred in service or is related to the service-connected diabetes mellitus II, coronary artery disease, or PTSD. Service connection is not established. See 38 C.F.R. § 3.303.
 

ORDER

Service connection for hypertension is denied.


____________________________________________
ERIC S. LEBOFF
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs